UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD R. HUNT,

        Petitioner,

v.

JEFFREY A. UTTECHT,

        Respondent.

CASE NO. C17-1827-RSM-BAT

**ORDER DENYING MOTION TO TRANSFER OR TO DISMISS AMENDED PETITION**

Petitioner Donald R. Hunt has filed an amended petition for writ of habeas corpus challenging the computation of good time credits against his sentence. Dkt. 26. Before the court is the respondent's motion to transfer the amended petition to the Ninth Circuit Court of Appeals or to dismiss it for lack of jurisdiction. Dkt. 27. The court DENIES the motion and directs respondent to file a response to the petition.[1]

## I. BACKGROUND

Petitioner is a Washington state prisoner who filed a petition for habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Washington, where he is confined. Dkt. 1. That court construed the petition as a petition for habeas corpus under 28 U.S.C. § 2254 and transferred the

---

[1] In addition, respondent's previous motion to transfer or to dismiss the original petition (Dkt. 20) is DENIED as moot.

ORDER DENYING MOTION TO TRANSFER
OR TO DISMISS AMENDED PETITION - 1

petition to this court, as petitioner is confined pursuant to a judgment and sentence of the Snohomish County Superior Court. Dkt. 8. This court appointed the Federal Public Defender to represent petitioner and directed service of the petition on the respondent. Dkt. 13. The respondent moved to transfer the petition to the Ninth Circuit pursuant to 28 U.S.C. § 2244(b) and Circuit Rule 22-3(a), or, in the alternative, to dismiss the petition, asserting that the petition is a second or successive petition. Dkt. 20. In response, petitioner stated that one of his two claims, concerning alleged violations of the Interstate Agreement on Detainers, should be voluntarily dismissed because it can arguably be characterized as being cognizable under § 2254 and therefore subject to § 2244(b). Dkt. 22. He asserted that his remaining claim, concerning the computation of credits for good time against his sentence, is properly governed under § 2241 and therefore outside the purview of § 2244(b). *Id.* In light of this response, the court directed petitioner to file an amended petition and respondent to file a response thereto. Dkt. 23. Petitioner filed his amended petition. Dkt. 26. Respondent again seeks to have the petition transferred or dismissed. Dkt. 27.

## II. PETITION CONSTRUED AS § 2254 PETITION

As the court noted in addressing petitioner's objection to the transfer of his petition to this district and to the finding that it should be construed as a § 2254 petition, Dkt. 23, the Ninth Circuit has held that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). The court therefore construes the amended petition as a § 2254 petition.

The court asked the parties to address the issue of venue. Respondent states that because petitioner is in custody pursuant to a judgment and sentence of the Snohomish County Superior

Court, this district is the proper venue for this proceeding. Dkt. 27 at 4. Petitioner states that as he has been appointed counsel in this district and the court is familiar with his petition, he believes that venue is most convenient in this district. Dkt. 26 at 3. Because the court construes the petition as a § 2254 petition, venue is proper in this court.

### III. SECOND OR SUCCESSIVE PETITION

Respondent argues in his motion to transfer or to dismiss that the amended petition is a second or successive petition and, as such, this court should either dismiss the petition or transfer it to the Ninth Circuit. Dkt. 27 at 6. Under 28 U.S.C.§ 2244(b), a second or successive petition must be dismissed unless it falls within one of two narrow exceptions. If a second or successive petition presents claims that fall within an exception, § 2244(b) requires a petitioner to first move in the court of appeals for an order authorizing the district court to consider the petition. If a petitioner presents a second or successive petition to the court without such authorization, the court will refer the petition to the court of appeals. Cir. R. 22-3(a).

Respondent argues that, as petitioner previously filed a habeas petition challenging his conviction and sentence,[2] the amended petition currently before the court is a second or successive petition and, under § 2244(b) and Rule 22-3(a), the court must either dismiss the petition or transfer it to the Ninth Circuit. Dkt. 27 at 7-8. Respondent asserts that petitioner "cannot evade the jurisdictional requirements of § 2244(b) simply by characterizing his current petition as a § 2241 petition." Dkt. 27 at 8.

Although it is true that this petition is the second one petitioner has filed, the inquiry does not end there. As the Supreme Court has recognized, the phrase "second or successive petition"

---

[2] Petitioner's habeas petition, filed with this court in 2014, was dismissed with prejudice as untimely. *See Hunt v. Warner*, Case No. C14-1637-RSM, Dkt. No. 18 (April 8, 2015).

ORDER DENYING MOTION TO TRANSFER
OR TO DISMISS AMENDED PETITION - 3

is a term of art. *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The term is not self-defining, and it does not mean all § 2254 petitions filed second in time. *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). For example, a claim that was unripe at the time of the first petition is not barred by the second or successive rule. *Id.* at 947. And a claim challenging a new judgment entered after a successful first petition is not a second or successive petition. *Magwood*, 561 U.S. at 331-32.

Here, petitioner is not challenging the underlying judgment and sentence he challenged in his first petition. Rather, petitioner seeks to challenge the calculation of his good-time earned, something entirely separate from the validity of the underlying judgment and sentence. The court therefore finds that the petition is not a second or successive petition and therefore not subject to § 2244(b) or Rule 22-3(a).

A claim that is not second or successive is reviewable by the district court. *Magwood*, 561 U.S. at 331. Accordingly, the petition is reviewable in this court. For this reason, respondent's motion to dismiss or to transfer the petition (Dkt. 27) is DENIED.

## IV. RESPONSE

The court hereby directs respondent to file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts and with the requirements set forth in this court's previous order directing service (Dkt. 13) no later than **August 8, 2018**.

DATED this 9th day of July, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge