UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD R. HUNT,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFREY A. UTTECHT,<br><br>　　　　　　　　Respondent. | CASE NO. C17-1827-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Donald R. Hunt seeks federal habeas relief from the calculation of his sentence by the Washington State Department of Corrections (DOC). Dkt. 26. His amended petition presents two grounds for relief: that the DOC (1) failed to credit him with four days of good time credits it agreed was owed him, and (2) violated his equal protection rights by calculating the length of a prison sentence differently for individuals in state custody than those serving their time in county facilities. The court recommends that the amended habeas petition be **DENIED**. The court also recommends **DENYING** an evidentiary hearing and issuance of a certificate of appealability.

//

//

//

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

*1.    Prior procedural history*

Mr. Hunt was convicted in Snohomish County Superior Court of one count of first-degree child rape and four counts of first degree child molestation; he is serving a 318-month sentence. His convictions were affirmed on direct appeal and his state-court personal restraint petitions and federal habeas petition challenging his convictions were denied or dismissed.[1]

*2.    Procedural history of current petition*

On March 3, 2016, petitioner filed a personal restraint petition in the Washington State Court of Appeals. Dkt. 31, ex. 4. The acting chief judge dismissed the PRP on October 12, 2016. *Id.*, ex. 7. Petitioner sought review by the Washington State Supreme Court. *Id.*, ex. 8. The commissioner of that court denied review on June 22, 2017, and, on October 4, 2017, the court denied petitioner's motion to modify that ruling. *Id.*, ex. 9, 11.

On November 6, 2017, Mr. Hunt filed this petition for habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Washington, where he is confined. Dkt. 1. That court construed the petition as a petition for habeas corpus under 28 U.S.C. § 2254 and transferred the petition to this court, as petitioner is confined pursuant to a judgment and sentence of the Snohomish County Superior Court. Dkt. 8. Respondent moved to transfer or dismiss the petition, and this court denied the motion, instead directing petitioner to amend his petition. Dkt. 20, 23. Petitioner filed this amended petition and the respondent again moved to transfer or dismiss the petition, arguing that because petitioner had previously filed a habeas petition under § 2254, the petition at issue here was a second or successive petition and therefore subject to the provisions of 28

---

[1] The amended habeas petition contains a complete discussion of petitioner's prior and current challenges to his conviction and sentence. Dkt. 26 at 3-7.

REPORT AND RECOMMENDATION - 2

U.S.C. § 2244(b) and Circuit Rule 22-3(a). Dkt. 26, 27. The court again denied the motion, finding that the petition was not a second or successive petition because it did not challenge the underlying judgment and sentence. Dkt. 29.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 536 U.S. 170, 181, 131 S. Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. Because the court can evaluate the merits of petitioner's claims from the state court record, no evidentiary hearing is necessary.

## HABEAS REVIEW STANDARD

A federal court may not grant habeas relief unless the state court decision: "(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court." *See Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is contrary to clearly established federal law if it contradicts the law set forth by the United States Supreme Court, or reaches a result different than that reached by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state court's decision is an unreasonable application of clearly

established federal law when the state court identifies the correct legal rule, but applies it to a new set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal law means the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012) (citation omitted).

Turning to habeas relief based upon a claim the state court unreasonably determined the facts, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). State-court factual findings are presumed correct. This is a presumption the petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187, 2199–2200 (2015). Consequently, even if reasonable minds reviewing the record might disagree about a state court's factual determination, a federal habeas court cannot supersede the trial court's determination. *Id.* at 2201.

In considering a habeas petition, a federal court reviews the "last reasoned decision" from the state court. Where the final state court decision contains no reasoning, the court looks to the last decision from the state court that provides a reasoned explanation of the issue. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

## DISCUSSION

### A. Exhaustion

Respondent argues that petitioner failed to properly exhaust his equal protection claim because he failed to adequately identify and brief his federal claim in his PRP or in his motion for discretionary review and it is therefore not cognizable in federal court. Dkt. 30 at 10.

A petitioner may pursue federal habeas relief only after he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). A petitioner fairly presents a claim to a state court by presenting the substance of the federal claim to the state courts. *Picard*, 404 U.S. at 278.

Respondent argues that petitioner did not fairly present his equal protection claim to the state courts because his PRP and motion for discretionary review contained only "scattershot" references to constitutional provisions without explicitly identifying his claim as a violation of the federal constitution. Dkt. 30 at 12. Respondent further argues that in his PRP, petitioner referred to the Fourteenth Amendment in a reply brief only and, as Washington appellate courts generally do not address claims raised for the first time in a reply, the court did not address this claim. Dkt. 30 at 12-13. Petitioner responds that because he presented his claim as an equal protection claim and the state courts adjudicated and rejected it on factual grounds, it has been exhausted. Dkt. 33 at 3.

Petitioner identified his claim as an equal protection claim in his PRP and therefore did not raise it for the first time in reply. Dkt. 31, ex. 4 at 14. In his reply, he directly referred to the Fourteenth Amendment and cited to federal case law on the issue. Dkt. 31, ex. 6 at 7-17. And in his motion for discretionary review, petitioner identified the Fourteenth Amendment as the basis for his equal protection claim. Dkt. 31, ex. 8 at 4. He fully and fairly presented his claim as a violation of the federal constitution to the state courts. Petitioner has exhausted his claim.

REPORT AND RECOMMENDATION - 5

**B.     Calculation of a month**

Petitioner alleges that he is being treated differently than inmates serving time in county facilities because the DOC calculates the length of each month as 30.4375 days, whereas county facilities calculate a month as 30 days. Dkt. 33 at 5. The Washington State Supreme Court Commissioner found that his equal protection claim was frivolous because the department's calculation of his release date was correct. Dkt. 31, ex. 9 at 2-3. Petitioner argues that this finding was based on an unreasonable determination of the facts because the DOC calculation is based on a 365.25-day year, which is accurate only if the number of years in the sentence is evenly divisible by four, and similarly, it is based on a 30.4375-day month, which is accurate only if the number of months in the sentence is evenly divisible by 12; this results in an over- or under-calculation in all other circumstances. Dkt. 33 at 5-6. But petitioner has not shown that the DOC erroneously calculated his sentence under its existing guidelines. The Commissioner's finding that petitioner's sentence was correctly calculated under the DOC guidelines is not an unreasonable determination of the facts.

Therefore, to prevail on this claim, petitioner must show that the state court's rejection of his claim was contrary to or an unreasonable application of clearly established due process principles. The Due Process clause of the Fourteenth Amendment requires that all persons similarly situated by treated equally. *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Mayner v. Callahan*, 873 F.2d 1300, 1301 (9th Cir. 1989). Petitioner argues that state prison and county jail inmates are similarly situated because they are both incarcerated for a fixed term following a criminal conviction and they both have a liberty interest in being released upon the completion of a correctly calculated sentence, and not a day longer. Dkt. 33 at 5. However, Washington state law provides that persons sentenced to felony terms or a combination of terms of more than 365

REPORT AND RECOMMENDATION - 6

1  days of incarceration shall be committed to state institutions under the authority of the DOC,
2  whereas persons serving sentences of 365 days or less may be sentenced to a jail under the
3  authority of a city and/or county. Wash. Rev. Code § 70.48.400. Thus, state law differentiates
4  between types and lengths of sentences in determining where a person serves a sentence. As
5  these two groups (persons serving a felony sentence and/or sentence of more than one year, and
6  persons serving a sentence of one year or less) are not similarly situated, equal protection
7  principles do not mandate that they be treated the same.
8      Even if the court were to find persons serving sentences in DOC and county facilities to
9  be similarly situated, the state may differentiate between them so long as the differentiation bears
10 some fair relationship to a legitimate public purpose. *Plyler*, 457 U.S. at 216. The Commissioner
11 found that the DOC "far more accurately" relies on a rate of 30.4375 days per month, based on
12 365.25 days per year, to account for leap years. Dkt. 31, ex. 9 at 2-3. This difference is rationally
13 related to the state's interest in creating accurate sentences that span multiple years and therefore
14 include leap years. The state could rationally conclude that it need not account for leap years for
15 persons serving sentences of one year or less. The state is not required to undercount the
16 sentences of persons incarcerated in DOC facilities to make them equal to the shorter sentences
17 of persons confined in county facilities. The state court's ruling that the different calculation of
18 sentences for persons serving sentences in DOC and county facilities does not violate due
19 process was not contrary to or an unreasonable application of established equal protection
20 principles. This claim should be denied.
21     **C.    Good-time credits**
22     Petitioner asserts that the DOC did not give him credit for four days of "good time" it
23 previously agreed should have been credited to his sentence and that he has a liberty interest in

REPORT AND RECOMMENDATION - 7

1 any good time award and a due process right before it is taken away. Dkt. 26 at 7-8. Respondent

2 argues that petitioner's claim is a matter of state law and therefore does not merit federal habeas

3 relief, and that the state court reasonably determined that this claim is without merit. Dkt. 30 at

4 16.

5     This claim is based on the sentence adjustment DOC made in response to petitioner's

6 PRP. Petitioner was extradited from New Mexico to face the Washington state charges that are

7 the basis of his conviction and sentence. Dkt. 31, ex. 4 at 2. In his PRP, he argued that the state

8 failed to give him credit for the 24 days he was detained in New Mexico and transported to

9 Washington, and for 4 days of good time he earned during that time. *Id.* at 5-6. In response, the

10 DOC agreed that petitioner should have received credit for the time he was detained in New

11 Mexico and transported to Washington, and stated that it had credited him with 24 days of jail

12 time and 4 days of good time credits. Dkt. 31, ex. 5 at 4. Based on the DOC's response, the court

13 of appeals found that this claim was moot. Dkt. 31, ex. 7 at 1.

14     In his motion for discretionary review, petitioner disputed the finding of mootness,

15 asserting that the DOC had not given him the proper amount of good time credit. Dkt. 31, ex. 8

16 at 5. The Commissioner found that petitioner's assertion relied on a common misconception

17 about the manner in which good time credits are calculated. Dkt. 31, ex. 9 The Commissioner

18 found that applying credit for time served reduces the amount of time in custody, which

19 correspondingly affects the calculation of good time earned in the overall sentence. *Id.* The

20 Commissioner concluded that the adjustment in petitioner's sentence structure did not translate

21 into a straight day-for-day reduction of his early release date, as petitioner argued, and that

22 petitioner had not shown that the DOC's calculations were incorrect. *Id.*

23

REPORT AND RECOMMENDATION - 8

Petitioner asserts a liberty interest and a due process right, but he does not flesh out this argument in either his amended petition or his original *pro se* petition, incorporated by reference. Dkt. 26 at 8; Dkt. 5, ex. 1 at 27. Nor does he explain how the Commissioner's finding was based on an unreasonable determination of fact. Petitioner has not established that he is entitled to federal habeas relief on this claim. This claim should be denied.

## CERTIFICATE OF APPEALABILITY

If the district court adopts this Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The court recommends that petitioner not be issued a COA. No reasonable jurist could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends **DENYING** the habeas petition on the merits without an evidentiary hearing, and **DENYING** the issuance of a certificate of appealability.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **October 29, 2018**. The Clerk should note the matter for as ready for the District Judge's consideration on that date if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 12 pages. The failure to timely object may affect the right to appeal.

DATED this 15th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10